IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAVIER FLORES GAYTAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   1:17CV979 |
| | ) |
| | ) |
| MICHAEL HARDEE, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## **RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

In 2017, Javier Flores Gaytan ("Gaytan"), a prisoner of the State of North Carolina serving a lengthy sentence for trafficking cocaine, brought this action through counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket Entry 1. In his Petition Gaytan contended: (1) that he was denied federal due process because the "presentation of [Officer] Monge's wire translation to the jury violated [his] due process rights," and the state focused on Officer Monge's wire transcription in its closing arguments; (2) Officer Monge's testimony about the wire recording deprived Gaytan of his state constitutional rights; and (3) trial counsel was ineffective for failing to object on due process grounds to Officer Monge's interpretation of the wire recording, failing to request that the wire recording be played for the jury, and failing to request that a disinterested interpreter translate the wire recording for the jury. Docket Entry 1 at 11-32.

This Court denied the Petition as time-barred and entered judgment in 2018. Docket Entries 12, 15, and 16. Gaytan's appeal was unsuccessful as was his effort to seek review with the Supreme Court. Docket Entries 20-24. Now, years after the entry of judgment, Gaytan—represented by different counsel—has filed a "Motion To Reopen *Habeas Corpus* Petition and For Leave to Allow Supplement to Petitioner's Former *Habeas* Petition." Docket Entry 28 at 1. He now seeks to raise a new claim or claims asserting a violation of the Confrontation Clause and relatedly of his right to effective assistance of counsel. Docket Entries 28-29. As set forth below, the undersigned recommends dismissing Gaytan's motion for lack of jurisdiction.

More specifically, Gaytan requests that this matter be re-opened pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, 28 U.S.C. § 2254, and principles of basic fairness. Docket Entry 28 at 1; Docket Entry 29 at 1. However, there is no precedent that supports reopening the matter under these authorities.

Nor would a more liberal construction of Gaytan's pleadings assist him. It is true that under limited circumstances a petitioner may seek reconsideration of a judgment via a Rule 60(b) motion. *See* Fed. R. Civ. P. 60(b). But Gaytan, who is represented by counsel, does not mention Rule 60(b), nor should the Court construe the motion as such because Gaytan attacks his convictions. He does not seek to remedy a defect in the collateral review process or other non-merit aspect of the ruling on collateral review. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-34 (2005); *Bixby v. Stirling*, 90 F.4th 140, 148 (4th Cir. 2024); *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015); *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003).

Because Gaytan is attempting to raise new legal and factual arguments attacking his convictions, his motion is more properly characterized as a

June 24, 2026

second or successive habeas petition. *See Bixby*, 90 F.4th at 150-51. But the Court may not consider a second or successive habeas petition under § 2254 unless Gaytan receives prefiling authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3); *Bixby*, 90 F.4th at 155 ("Given that Bixby's motion actually sought permission to raise new and revised claims in a second or successive § 2254 petition, § 2244 and our case law reflect that the district court should have dismissed . . . the motion."). Gaytan does not assert that he has sought, much less received, permission from the Fourth Circuit to file a second or successive habeas petition. Consequently, the Court lacks jurisdiction over the instant motion. It should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Gaytan's motion, Docket Entry 28, be construed as an attempt to file a second or successive § 2254 action.

**IT IS FURTHER RECOMMENDED** that this action be dismissed due to Gaytan's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d).

_____
JoAnna Gibson McFadden
United States Magistrate Judge